UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES WILLIAMS,

                Plaintiff,

   v.

SERGEANT ROOS, *et al.*,

                Defendants.

CASE NO. C18-46 RAJ-BAT

**REPORT AND RECOMMENDATION**

In this 42 U.S.C. § 1983 action, *pro se* plaintiff, an inmate at Monroe Correctional Complex ("MCC"), alleges that defendants—all employees or people related to MCC—violated the First, Eighth, and Fourteenth Amendments of the Constitution from December 2017 to January 2018 by retaliating against him for accessing the courts through subjecting him to indignities, removal of legal papers, and living conditions that harmfully exacerbate his severe mental illnesses. Dkt. 12. Defendants move to dismiss for failure to comply with Federal Rule of Civil Procedure 8(a)(2) or, alternatively, move for a more definite statement under Federal Rule 12(e). Plaintiff filed no opposition to defendants' motion. The Court recommends **DENYING** defendants' motion to dismiss but **GRANTING** their motion for a more definite statement. The Court also recommends **DENYING** defendants' motion to consolidate at this time.

As defendants note, plaintiff has recently filed with the Western District a number of civil-rights complaints that are lengthy and filled with claims that can be less than pellucid. *See*

REPORT AND RECOMMENDATION - 1

C17-5615-BHS-DWC; C17-6077-BHS-JRC; C17-6076-RBL-DWC; C18-183-RSL-BAT; C18-218-JCC-MAT. In the current case, plaintiff seeks relief from solitary confinement and damages as a result of events in December 2017 to January 2018 that he claims constituted retaliatory abuse for filing his three 2017 federal lawsuits in Tacoma. Dkt. 12, at 4, 7.

Defendants move to dismiss this case for plaintiff's failure to comply with Federal Rule 8(a)(2), which requires a short and plain statement of the claim. The Court finds that plaintiff's complaint complies with Rule 8(a)(2). Plaintiff's complaint contains a short and plain statement of his claim: for 19 days in December 2017 to January 2018, defendants retaliated against him for exercising his right to access the courts to pursue three civil-rights actions by subjecting him to cruel and unusual conditions, deliberate medical indifference, and deprivation of legal resources in violation of the First, Eighth, and Fourteenth Amendments. Dkt. 12, at 4, 6–8, 21. Defendants' motion to dismiss should therefore be denied.

Defendants move in the alternative for plaintiff to be required by Federal Rule 12(e) to provide a more definite statement about which defendants are inculpated in what retaliatory actions and at what time. The Court finds that plaintiff should provide a more definite statement of his claims so that defendants may reasonably prepare a response. The Supreme Court provides that a pleading contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2008). Although plaintiff has submitted a 23-page complaint that contains 32 grounds for relief, many of his grounds lack specificity or evince ambiguity regarding defendants' culpability. For example, although plaintiff alleges that his access to legal materials was impeded due to retaliation, he states that his papers and other personal items were removed after he was warned that if he tore up his sleeping mat, he would lose papers and personal items; he then acknowledges that he tore up his sleeping mat, attempted

REPORT AND RECOMMENDATION - 2

self-harm with a staple, broke a phone handset and threatened to cut his own wrist and throat with the shards, and smeared feces in his cell. Dkt. 12, at 13–17. Similarly, although plaintiff suggests retaliation due to exercising constitutionally protected rights, in Ground 14 plaintiff acknowledges that he and another inmate received peanut butter sandwiches instead of the prison's Christmas dinner because they had the previous day both urinated and pushed feces out of the cell door. Dkt. 12, at 11. Plaintiff acknowledges throughout the complaint that he suffers from severe mental illness, that he is a constant risk for suicide, and that prison personnel have responded to plaintiff's repeated threats of self-harm and urination/defecation by placing him in solitary confinement and removing personal items. Given such acknowledgements, if plaintiff seeks to move his claims out of the realm of "conceivable" and into the realm of "plausible," as *Twombly* demands, he must provide a more definite statement of his claims.

The Court recommends that plaintiff provide a more definite statement of his claims in an Amended Complaint. Plaintiff's Amended Complaint should contained numbered paragraphs and include the following information:

1. The name of each defendant and the accusations against him or her;
2. The approximate date, including the year, that these events occurred;
3. Exhibits, if submitted, related only to the individuals and incidents named in the Amended Complaint.

The Court notes that plaintiff did not respond to defendants' current motion though defendants gave him notice that some or all of his claims would be dismissed if the motion was decided against him. *See* Dkt. 37. Should plaintiff fail to file an Amended Complaint **within 21 days** of the date of the order adopting the Report and Recommendation, the Court may recommend

REPORT AND RECOMMENDATION - 3

dismissal of this matter without prejudice for failure to comply with a court order and failure to prosecute.

The Court recommends denying defendants' motion to consolidate this case with C18-183-RSL-BAT and C18-218-JCC-MAT. Although the other cases share some issues and some defendants, the Court is not yet convinced that it would be best to sweep every defendant, claim, and successive time period into a single omnibus case *in perpetuum*. Defendants may, however, renew their motion to consolidate after the Court has resolved any dispositive motions on the Amended Complaint.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **August 23, 2018.** The Clerk should note the matter for **August 24, 2018**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. **Objections and responses shall not exceed twelve (12) pages.** The failure to timely object may affect the right to appeal.

DATED this 2nd day of August, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4